EXHIBIT A

FILED

18 AUG 03 PM 4:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-19566-7 SEA

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

EYE ASSOCIATES NORTHWEST, P.C.,

Plaintiff,

v.

SENTINEL INSURANCE COMPANY,
LIMITED, part of the HARTFORD FIRE &
CASUALTY GROUP,

Defendants.

No.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

## I.    PARTIES

1.    The plaintiff is Eye Associates Northwest, P.C. Eye Associates Northwest is a professional service corporation organized under Washington law. Its principal place of business is in Seattle.

2.    The defendant is Sentinel Insurance Company, Limited. Sentinel is a part of the Hartford Fire & Casualty Group. Upon information and belief, Sentinel is authorized to conduct insurance business in the State of Washington.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.   JURISDICTION AND VENUE

3.      The Court has subject-matter jurisdiction under RCW 2.08.010.

4.      The Court has personal jurisdiction over defendant.

5.      Venue is proper under RCW 4.12.020 because the cause of action arose in King County, Washington.

## III.   FACTS

6.      Eye Associates Northwest was formed as a combination of two successful Seattle group ophthalmology practices: Eye Associates of Seattle and the Eye Clinic of Seattle. Both groups had roots in practices established in the 1930s.

7.      Eye Associates Northwest's mission is to provide outstanding quality eye care by delivering exceptional medical and surgical care and achieving optimal patient outcomes through the most effective use of advanced technology, continuing education, and access to multiple sub-specialists.

8.      Eye Associates Northwest has various locations in the Puget Sound region. In issue is the location at 1101 Madison Street in Seattle.

9.      Plaintiff purchased and paid for insurance from Sentinel. It paid the premium on this insurance. Policy No. 52 SBA ZV0259 had a policy period from September 10, 2017, to September 10, 2018.

10.     The insurance policy contains numerous coverages, including damage to property, extra expense, and loss of business income.

11.     Sentinel is an insurer. It engages in insurance activity, such as underwriting risk and handling insurance claims.

12.     Eye Associates Northwest is an insured under the insurance policy.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13.     Eye Associates Northwest is a "first party claimant" as that term is defined in the Washington Unfair Claim Settlement Practices Regulations.

14.     The insurance policy is a valid and enforceable contract.

15.     1101 Madison Street is a multi-story tower. On or about October 22, 2017, a water tank located above the sixth floor malfunctioned and flooded Eye Associates Northwest, causing significant damage to the property and the ability of Eye Associates Northwest to conduct business operations.

16.     Eye Associates Northwest reported the loss and made an insurance claim.

17.     The October 22, 2017 loss is a covered loss.

18.     Insurance companies owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy.

19.     Insurance companies owe their policyholders a duty of good faith.

20.     Insurance companies owe a fiduciary duty to policyholders. Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

21.     Insurance companies are prohibited from engaging in conduct toward their policyholders that is unreasonable, frivolous, or unfounded.

22.     Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim, at the insurance companies' own expense.

23.     The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to plaintiff. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

24.     Insurance industry standards in the State of Washington require defendant to comply with the Unfair Claim Settlement Practices Regulation.

25.     Without limitation, the Unfair Claim Settlement Practices Regulation provides that insurers:

A.     must disclose all pertinent benefits, coverages, or other provisions of an insurance policy under which a claim is presented;

B.     must acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

C.     must adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

D.     must not refuse to pay claims without conducting a reasonable investigation;

E.     must affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted;

F.     must advise the insured of what is necessary to complete a claim;

G.     must not misrepresent facts or policy provisions;

H.     must attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

I.     must not compel the first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings;

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

J. must not attempt to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled to by reference to written or printed advertising material accompanying or made part of an application;

K. must, within 10 working days after receiving a communication from a claimant under an individual insurance policy reasonably suggesting that a response is required furnish an appropriate reply to the claimant;

L. must complete its investigation of the claim within 30 days after notification of the claim, unless the investigation cannot reasonably be completed within that time;

M. must notify the first party claimant whether the claim has been accepted or denied within 15 working days after receipt by the insurer of fully completed and executed proofs of loss;

N. must provide reasonable assistance to the insured in making the claim; and

O. must not fail to settle first party claims on the basis that responsibility for payment should be assumed by other except as may otherwise be provided by policy provisions.

26. To ensure compliance with legal and industry standards, insurance companies have a responsibility to properly train employees involved in claims-handling activity.

27. To ensure compliance with legal and industry standards, insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 5

28.     Insurance companies must avoid fostering or creating conflicts of interests between its representatives handling claims and policyholders. An insurance company must not create financial incentives that are in any way tied to delayed or decreased payouts on claims.

29.     Sentinel has violated these duties. Without limitation, Sentinel failed to explain the rights and benefits available under the policy. It failed to conduct a full, fair, and prompt investigation of all material aspects of the insurance claim. Eight months after the loss, Sentinel failed to make a definitive coverage determination and failed to determine the full amount of repair costs. Sentinel failed to determine the amount of lost business income and other benefits owed because of the loss.

30.     Because of Sentinel's improper claims handling, Eye Associates Northwest was unable to proceed with the necessary repair work in a timely manner, and the property was damaged in substantially greater degree. Eye Associates Northwest experienced substantial lost revenue.

31.     It is not practical or economically feasible for an insured to commit to a massive repair and rebuilding project while its insurance company is refusing to commit to the payment for the full amount of benefits owed. Eye Associates Northwest has lost substantial revenue and sunk substantial sums of its own money in trying to repair the property. This hardship could have been avoided if Sentinel had timely and reasonably investigated, adjusted, and paid the full loss.

32.     Sentinel has violated the requirements of the Washington Administrative Code relating to insurance claims, found in chapter 284-30 WAC.

33.     All conditions precedent to the filing of this suit have occurred.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV.    CAUSES OF ACTION CLAIM NO. 1. DECLARATORY JUDGMENT

34.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35.    Plaintiff seeks a judgment from this Court declaring every coverage to which plaintiff is entitled under the policies, including benefits for multiple losses to the extent applicable.

36.    Plaintiff seeks a judgment from this Court declaring the amounts of benefits to which plaintiff is entitled.

37.    Plaintiff seeks a judgment from this Court declaring that defendant is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to the insurer's bad faith.

38.    Sentinel is liable for reasonable attorney fees and costs under Olympic Steamship Co. v. Centennial Insurance Co., 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991), McGreevy v. Oregon Mutual Insurance Co., 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

## CLAIM NO. 2. BREACH OF CONTRACT

39.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.    The insurance policy is a valid, enforceable contract.

41.    Plaintiff is entitled to full compliance with the policy.

42.    Plaintiff is entitled to coverage and every benefit available to plaintiff under the policies.

43.    Plaintiff will seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

44.    Sentinel is in breach of contract.

45.    Plaintiff has sustained damage in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

46.     In addition to plaintiff's damages, Sentinel is liable for reasonable attorney fees and costs under <u>Olympic Steamship Co. v. Centennial Insurance Co.</u>, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

### CLAIM NO. 3. INSURANCE BAD FAITH

47.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48.     Sentinel violated its duty of good faith.

49.     Sentinel's conduct was unreasonable, frivolous, or unfounded.

50.     Sentinel is in violation of the provisions of the Unfair Claim Settlement Practices Regulation.

51.     Sentinel is in violation of industry standards for the handling of insurance claims.

52.     Plaintiff sustained damage because of Sentinel's conduct.

53.     Sentinel is liable for plaintiff's consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under <u>McGreevy v. Oregon Mutual Insurance Co.</u>, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING

54.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55.     Sentinel's handling of the insurance claim was unreasonable.

56.     Sentinel is in violation of the provisions of the Unfair Claim Settlement Practices Regulation.

57.     Sentinel is in violation of industry standards for the handling of insurance claims.

58.     Plaintiff sustained damage because of Sentinel's conduct.

### CLAIM NO. 6. CONSUMER PROTECTION ACT

59.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

60.     Sentinel engaged in unfair or deceptive acts or practices.

61.     Sentinel's conduct occurred in trade or commerce.

62.     Sentinel is in violation of the provisions of the Unfair Claims Settlement Practices Regulation.

63.     Sentinel's conduct affected the public interest.

64.     Sentinel's conduct caused injury to plaintiff's "business or property," as those terms are defined for purposes of the Consumer Protection Act.

65.     Plaintiff sustained damage because of Sentinel's conduct.

66.     In addition to plaintiff's damages, Sentinel is liable for attorney fees and costs under RCW 19.86.090.

67.     The Court should order Sentinel to pay enhanced damages under RCW 19.86.090.

## CLAIM NO. 7. INJUNCTION

68.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69.     Plaintiff asserts a claim for injunctive relief under the Consumer Protection Act.

70.     The Court should enjoin Sentinel from further acts that violate the Washington Administrative Code, the Insurance Code, or the Consumer Protection Act. The Court should require Sentinel to enact procedures by which the company would live up to its legal obligations to perform their obligations to policyholders.

71.     Under CR 65, plaintiff is not required to articulate the specific terms of the injunction until the time of judgment. Nonetheless, plaintiff contends that appropriate injunctive relief could include a mandate for new training, guidelines, and supervision and the appointment of a special master for a limited time to oversee the implementation of such a mandate.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

72.     Sentinel is liable for reasonable attorney fees and costs under RCW 19.86.090.

**CLAIM NO. 8. RESERVED**

73.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74.     Plaintiff reserves the right to assert an Insurance Fair Conduct Act (IFCA) claim pending the sending of a written IFCA notice to Sentinel. RCW 48. 30.015.

**V.     RELIEF REQUESTED** WHEREFORE, plaintiff requests that this Court:

A.  enter a declaratory judgment as stated;

B.  enter a money judgment against defendant in the amount that we will prove;

C.  enter an injunction as stated;

D.  award enhanced damages pursuant to RCW 19.86.090;

E.  award costs, disbursements, and attorney fees to the maximum extent authorized by law, including Olympic Steamship Co. v. Centennial Insurance Co., 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, and for defendant's bad faith;

F.  otherwise award plaintiff's attorney fees and costs; and

G.  award such other relief as is just and proper.

DATED this 3rd day of August, 2018.

KELLER ROHRBACK L.L.P.

By _____

William C. Smart, WSBA #8192
Isaac Ruiz, WSBA #35237
Attorneys for Plaintiff

4824-7109-2077, v. 2

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 10